J-S54035-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID M. NORMAN | : | |
| | : | |
| Appellant | : | No. 360 WDA 2018 |

Appeal from the PCRA Order February 7, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002085-2015

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    FILED SEPTEMBER 20, 2018

David M. Norman (Appellant) appeals from the order dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> On September 25th, 2015, the District Attorney's Office filed a Criminal Information [relating to conduct that occurred on or around June 16, 2015], charging Appellant with Aggravated Indecent Assault of a Child, in violation of 18 Pa.C.S.[A.] § 3125(b); three counts of Endangering Welfare of Children, in violation of 18 Pa.C.S.[A.] § 4304(a)(1); three counts of Corruption of Minors, in violation of 18 Pa.C.S.[A.] § 6301(a)(1)(ii); and three counts of Indecent Assault of a Person less than 13 Years of Age, in violation of 18 Pa.C.S.[A.] § 3126(a)(7).  On March 14th, 2016, Appellant, with the assistance of his then-counsel . . . entered a No Contest plea to Count Two (Endangering Welfare of Children), Count Five (Corruption of Minors) and Counts Eight through Ten (Indecent Assault of a Person less than 13 Years of Age), with all other counts nolle

prossed by the Commonwealth. On June 27th, 2016, the [t]rial [c]ourt sentenced Appellant as follows:

⟩ Count Eight (Indecent Assault of a Person less than 13 Years of Age): nine (9) months to twenty-four (24) months of incarceration, with three hundred seventy-one (371) days of credit for time served;

⟩ Count Nine (Indecent Assault of a Person less than 13 Years of Age): nine (9) months to twenty-four (24) months of incarceration, consecutive to Count Eight;

⟩ Count Ten (Indecent Assault of a Person less than 13 Years of Age): nine (9) months to twenty-four (24) months of incarceration, consecutive to Count Nine.

⟩ Count Two (Endangering Welfare of Children): five (5) years of probation, consecutive to Count Ten; and

⟩ Count Five (Corruption of Minors): five (5) years of probation, consecutive to Count Two.

On June 27th, 2016, th[e] [t]rial [c]ourt also directed Appellant to register as a Sexual Offender for his lifetime. (See Notice to Appellant of Duty to Register Pursuant to 42 Pa.C.S.A Chapter 97, Subchapter H "Registration of Sexual Offenders," filed June 27th, 2017).

On September 15th, 2017, Appellant, pro se, filed his Motion for Reconsideration of sentence, which th[e] [t]rial [c]ourt treated as Appellant's first PCRA Petition. By Order dated September 21st, 2017, th[e] [t]rial [c]ourt appointed . . . PCRA counsel and directed [him] to supplement or amend Appellant's first PCRA Petition within thirty days. [PCRA counsel] filed a Supplement to Motion for Post-Conviction Collateral Relief on October 18th, 2017. By Order dated October 20th, 2017, th[e] [t]rial [c]ourt directed the Commonwealth to respond to the Supplement to Motion for Post-Conviction Collateral Relief within thirty days. The Commonwealth . . . filed [its r]esponse . . . on November 16th, 2017.

On December 12th, 2017, th[e] [t]rial [c]ourt notified Appellant of its intention to dismiss Appellant's first PCRA Petition as patently untimely and directed Appellant to submit his

[o]bjections within twenty days. . . . Appellant did not file [o]bjections to the . . . [n]otice. Thus, on February 7th, 2018, th[e] [t]rial [c]ourt issued an Order dismissing Appellant's PCRA Petition as being patently untimely and stating no grounds for relief under the Post[]Conviction Relief Act.

Appellant filed his Notice of Appeal on March 9th, 2018[.] By Order dated March 9th, 2018, th[e] [t]rial [c]ourt directed Appellant to file a concise statement of the matters complained of on appeal within twenty-one days of the date of said Order. Appellant . . . filed his Concise Statement of Matters Complained of on Appeal on March 28th, 2018.

PCRA Court Opinion, 4/25/18, at 2-4.

On appeal, Appellant presents the following issues for review:

1. Whether the PCRA Court committed legal error and abused its discretion in finding that [Appellant]'s Petition was untimely filed and in thereby failing to entertain and adjudicate his claims on the substantive merits?

2. Whether the PCRA Court committed legal error and abused its discretion in failing to afford relief in the nature of reconsideration and modification of sentence in accordance with the holding of Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017)?

Appellant's Brief at 2.

Before addressing the merits of Appellant's claims, we must determine whether we have jurisdiction over this appeal. "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." Commonwealth v. Monaco, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting Commonwealth v. Robinson, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions apply:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." Commonwealth v. Derrickson, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting Commonwealth v. Chester, 895 A.2d 520, 522 (Pa. 2006)).

In this case, Appellant concedes that his PCRA petition is untimely. Appellant's Brief at 3-4. Accordingly, we are without jurisdiction to decide Appellant's appeal unless he pled and proved a timeliness exception pursuant to Section 9545(b)(1). See Derrickson, 923 A.2d at 468.

Appellant asserts that he has satisfied the timeliness exception of Section 9545(b)(1)(iii) based on our Supreme Court's decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017). In Muniz, the

Supreme Court held that retroactive application of the registration and reporting requirements of the Pennsylvania Sex Offender Registration and Notification Act (SORNA),[1] violated the ex post facto clauses of the United States and Pennsylvania Constitutions. Id. at 1223. Appellant asserts that Muniz recognized a new constitutional right that applies retroactively to him on collateral review because the trial court ordered him to register for his lifetime as a sexual offender under SORNA. Appellant's Brief at 3-4.

Recently, in Commonwealth v. Murphy, 180 A.3d 402 (Pa. Super. 2018), this Court rejected this exact claim. We explained:

> Appellant's reliance on Muniz cannot satisfy the [timeliness] exception of [S]ection 9545(b)(1)(iii). In Commonwealth v. Abdul-Salaam, [] 812 A.2d 497 ([Pa.] 2002), our Supreme Court held that,
>
>> [s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

_____

[1] 42 Pa.C.S.A. §§ 9799.10-9799.42.

Id. at 501.

Here, we acknowledge that this Court has declared that, "Muniz created a substantive rule that retroactively applies in the collateral context." Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in Rivera-Figueroa), he must demonstrate that the Pennsylvania Supreme Court has held that Muniz applies retroactively in order to satisfy [S]ection 9545(b)(1)(iii). See Abdul-Salaam, supra. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on Muniz to meet that timeliness exception.

Id. at 405-06.

Because Appellant cannot rely upon Muniz to satisfy the timeliness exception of Section 9545(b)(1)(iii), we are without jurisdiction to review the merits of his PCRA claims.[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2018

_____

[2] We note that even if we had jurisdiction to review Appellant's claims, they are patently meritless. The record reflects that the offenses to which Appellant pled guilty, his guilty plea, and sentencing all occurred well after SORNA became effective on December 20, 2012. Therefore, Muniz, which only involved the retroactive application of SORNA's registration and reporting requirements, is inapplicable to Appellant's case.